UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA



| | |
|---|---|
| IVORY H. HAMMOND, SR. | |
| VERSUS | CIVIL ACTION |
| NEW ROADS CITY POLICE DEPARTMENT, ET AL | NO. 09-276-JJB |

### Ruling on Motion for Summary Judgment

This matter is before the Court on defendants' motion to dismiss (doc. 3), which is being treated by the Court as a motion for summary judgment. Plaintiff has filed an opposition (doc. 6), and defendant has filed a reply (doc. 7). There is no need for oral argument. For the following reasons, the Court **GRANTS** defendants' motion for summary judgment as to the claims of excessive force ad unlawful arrest and **DENIES** defendants' motion for summary judgment as to the malicious prosecution claim.[1]

### Factual Background

This action arises out of plaintiff's arrest on September 12, 2007, at his home. Plaintiff alleges that during this arrest he sustained injuries that required medical treatment. Plaintiff was charged with resisting an officer and battery of a police officer; plaintiff, however, claims that his arrest was without provocation. A

---

[1] The state court petition includes allegations of denial of medical care. However, plaintiff has failed to maintain those claims in any of his briefs to this Court. Therefore, the Court finds that any claims for denial of medical care have been abandoned.

1

trial was originally set for March 13, 2008, however the charges were dismissed. At a later trial, on December 4, 2008, Judge James Best found plaintiff not guilty of all crimes.

Plaintiff now sues under 42 U.S.C. § 1983 ("§ 1983"), alleging that defendant-officers Kevin McDonald, Tony Johnson, and Paul Freeman unlawfully arrested him and used excessive force, that the City of New Roads Police Department failed to properly train those officers, and that the defendants were responsible for his malicious prosecution.[2]

Plaintiff filed his complaint with the clerk's office of the 18th Judicial District Court in Pointe Coupee Parish on April 14, 2009. Defendants then removed the case to federal court on May 7, 2009.

Defendants now move for summary judgment, arguing that plaintiff's action is prescribed because he failed to file suit within one year of his arrest.

## Analysis

Because § 1983 lacks a statute of limitations, courts look to the state's limitation period for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In accordance with Louisiana law, the Court applies a one-year

---

[2] Plaintiff also claimed that the New Roads Police Department failed to investigate his allegations of assault. He does not, however, provide any factual or legal bases to overcome defendants' qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known").

2

limitation period to §1983 actions.  *See* LA. CIV. CODE ANN. art. 3492; *Bourdais v. New Orleans*, 485 F.3d 294, 298 (5th Cir. 2007).  Here, plaintiff sued under § 1983; thus, plaintiff had one year to file his claim from the date it accrued.

A claim under § 1983 accrues when a plaintiff has "a complete and present cause of action."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (stating that the accrual date is a question of federal law).  A plaintiff's cause of action is complete and present when he knows or should have known of his injuries.  *Walker v. Epps,* 550 F.3d 407, 414 (5th Cir. 2008) (applying the "known or should have known" standard post-*Wallace*).

Because plaintiff seeks to recover for personal injuries resulting from two separate incidents- his arrest and the criminal proceeding brought against him in state court as a result of the arrest- the Court addresses the prescription of each cause of action separately.

Regarding his arrest, plaintiff claims injuries resulting from excessive force and unlawful arrest.  Excessive force claims accrue when a plaintiff knows or has reason to know of the injury which is the basis of the action. *See Gartrell v. Baylor*, 981 F.2d 254, 257 (5th Cir.1993).  Unlawful arrest claims, however, accrue when legal process is initiated.  *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (rejecting the argument that such claims accrue after termination of charges).

Here, plaintiff knew or should have known of the injuries resulting from excessive force at his arrest or shortly thereafter. Likewise, plaintiff provides no evidence of being held without legal process that would have caused his unlawful arrest claim to accrue at a date within the prescriptive period.

Thus, plaintiff's excessive force and unlawful arrest claims accrued on the date of his arrest, September 13, 2007. These claims are duly prescribed. Therefore, the Court finds that summary judgment is appropriate for the claims of excessive force and unlawful arrest.

Regarding accrual of the malicious prosecution claim, the Fifth Circuit has noted that one element of a malicious prosecution claim is a "bona fide termination" of the prior suit in favor of the present plaintiff. *See Al George, Inc. v. Envirotech Corp.*, 939 F.2d 1271, 1275 (5th Cir. 1991). Thus, "a cause of action for malicious prosecution is not complete until the malicious prosecution is finally disposed of in favor of the defendant." *Masterson v. Brown*, 72 F. 136, 136 (5th Cir. 1896).

Here, trial on the merits against Ivory H. Hammond, Sr., began on December 4, 2008, resulting in a finding of not guilty. It was at that time that the prosecution was terminated in plaintiff's favor. Therefore, plaintiff had one year from December 4, 2008, to file his complaint. Because he filed his complaint on

April 14, 2009, the Court finds his complaint timely and well within the one year prescriptive period.

Accordingly, defendants' motion for summary judgment (doc. 3) is **DENIED**, in part, and **GRANTED**, in part.  Regarding plaintiff's claim for malicious prosecution, defendant's motion for summary judgment is **DENIED**, regarding plaintiff's claims for excessive force and unlawful arrest, defendant's motion for summary judgment is **GRANTED**.

Signed in Baton Rouge, Louisiana, this 27th day of October, 2009.

---
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA